NO. 07-08-0127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 22, 2008
______________________________

IGNACIO NAVARRO, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17452-0711; HON. ROBERT W. KINKAID, JR., PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant Ignacio Navarro seeks reversal of his conviction for assault causing bodily
injury to a family member by challenging the legal and factual sufficiency of the evidence. 
We affirm. 
          Law
          The standards by which we review the sufficiency of the evidence are well
established. We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006) for their
explanation. 
          Application of Law
          Per a statement by Tricia Lozano, appellant was charged with assaulting her. 
Though not his wife, she lived with him and bore him a child. Upon taking her statement,
the investigating officer also took numerous photographs of Lozano’s bruises. However,
at trial, she recanted and denied that her attacker was appellant. Instead, a jealous
woman allegedly inflicted the beating upon her when the woman found Lozano with the
woman’s significant other. The jury nonetheless convicted appellant after viewing all the
evidence.
          Given the recantation, appellant now contends that no evidence supports his
conviction. This is allegedly so because Lozano’s prior inconsistent statement, which was
admitted into evidence, could only be used for impeachment purposes, as opposed to
substantive evidence of guilt. We disagree and overrule the issue. 
          That Lozano was beaten and suffered injury from the beating is uncontested. 
Dispute arises regarding the identity of her assailant. Again, Lozano originally told the
investigating officer that appellant attacked her. This was reiterated during a prior judicial
proceeding wherein she sought a protective order against him. Yet, the accusation was
retracted at his criminal trial. After the retraction, the trial court allowed the prosecutor to
ask Lozano about her prior statement and its contents. Though she admitted that part of
the statement was right, she deemed false those portions which indicated that appellant
beat her. While this was occurring, appellant did not object to the disclosure of the
statement’s content in open court. Nor did he ask the trial judge for an instruction limiting
the purposes for which the jury could consider the prior inconsistent statement. Such an
instruction was included in the jury charge, however, and therein lies the rebuttal to the
complaint before us. If the statement given by Lozano to the officer was admissible only
for impeachment purposes, it was incumbent upon appellant to solicit the requisite limiting
instruction at the time the evidence was proffered and received. We garner this from the
teachings of our Court of Criminal Appeals. 
          In Garcia v. State, 887 S.W.2d 862 (Tex. Crim. App. 1994), the Court told us that
a “party opposing evidence has the burden of objecting and requesting the limiting
instruction at the introduction of the evidence.” Id. at 878 (emphasis added); accord
Hammock v. State, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001) (reaffirming the holding in
Garcia). This mandate later was followed by the declaration that a limiting instruction (if
timely requested) must be given at the time the evidence is admitted; it cannot await
inclusion for the first time in the jury charge. Rankin v. State, 974 S.W.2d 707, 713 (Tex.
Crim. App. 1996). To so delay gave the factfinder opportunity to use the evidence
improperly, according to the Court. Id. at 712. The latter, in fact, thought it “impossible”
for the jury to go back at the close of trial and reassess the evidence in light of a belated
limiting instruction. Hammock v. State, 46 S.W.3d at 895. This concern most likely
provided the foundation for the Court’s reiteration, most recently in Delgado v. State, 235
S.W.3d 244 (Tex. Crim. App. 2007), that “[o]nce evidence has been admitted without a
limiting instruction, it is part of the general evidence and may be used for all purposes.” 
Id. at 251; accord Garcia v. State, 887 S.W.2d at 878-79 (stating similarly). Admittedly, the
situation before us differs somewhat from those in Garcia, Hammock, and Delgado. Yet,
the concerns underlying those decisions exist no less here. 
          We have before us a trial wherein prior inconsistent statements uttered by Lozano
were received into evidence. Though the jury was arguably limited to considering them
solely for impeachment purposes, see Adams v. State, 862 S.W.2d 139, 147 (Tex. App.–
San Antonio 1993, pet. ref’d), appellant did not ask for an instruction having that effect.


 
Furthermore, Lozano was one of the first witnesses to testify. So, throughout the
presentation of evidence during the guilt/innocence phase of the proceeding, nothing
precluded the jurors from considering her statement to the officer for any and all purposes,
as per Delgado and Garcia. Yet, when directed to retire and decide appellant’s fate, those
jurors were told to restrict the purposes for which they could weigh the prior statements. 
This placed them in the exact situation the Court of Criminal Appeals sought to avoid in
Garcia, Hammock, and Delgado. They were asked to do what that Court deemed
“impossible” in Hammock, that is, to somehow forget about how they viewed the statement,
its effect upon their perception of innocence or guilt, and its unbridled interaction with the
other evidence they heard. Given the similarity between the concerns voiced in Hammock
to those before us, we see no reason why the holding in it, Garcia, and Delgado should not
apply to the situation at bar. Consequently, the limiting instruction at bar came too late. 
          Our jury was free to consider the evidence for all purposes since it was not
instructed otherwise when it first heard it. So, since it was free to so consider the
statement as evidence of appellant’s guilt if it so chose, logic dictates that we too may do
so in determining whether the jury’s verdict enjoyed evidentiary support. And, to the prior
statement we add Lozano’s admissions at trial illustrating that appellant was pacing, that
they went to the bedroom, that appellant was yelling at her, and that appellant pushed her
down on the bed and sat on her legs during the fight. The total derived is more than some
evidence upon which a rational factfinder could conclude, beyond reasonable doubt, that
appellant committed the assault for which he was convicted. Moreover, Lozano’s
recantation and previously undisclosed explanation for her bruises was something the jury
was free to accept or reject. See Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim.
App. 1991) (recognizing that the jury could disbelieve a witness’ recantation). And, in
apparently rejecting her new story, the jury could lawfully find him culpable without fearing
that the evidence of guilt was weak or overwhelmed by contradictory evidence.
          Accordingly, we hold that the evidence of record was both legally and factually
sufficient to support the verdict and, therefore, affirm the trial court’s judgment.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Publish.